STATE OF VERMONT

ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| | } | |
| In re: Brisson Subdivision Application | } | Docket No. 198-9-05 Vtec |
| (Appeal of Call) | } | |
| | } | |

## Decision and Order on Pending Motions

Appellant Elizabeth Call appealed from a decision of the Planning Commission of the Town of Weybridge, granting approval to Appellee-Applicants Armond and Ramona Brisson of an 8-lot[1] subdivision. Appellant is represented by Andrew Jackson, Esq.; Appellee-Applicants Brisson are represented by Eben Punderson, Esq. The Town of Weybridge did not enter an appearance in this matter. or ck if it was in through ZA

This appeal was placed on inactive status by agreement of the parties while litigation proceeded in Addison Superior Court regarding the scope of an easement also at issue in the present subdivision appeal. The Addison Superior Court case was resolved in favor of Appellee-Applicants Brisson, and has been appealed to the Supreme Court. On June 1, 2007, trial was scheduled in the above-captioned appeal for Thursday, November 8, 2007, at the Addison Superior Court, in the Mahady Courthouse in Middlebury. A revised stipulated discovery and trial preparation schedule was entered as a scheduling order by the Court.

Appellant had initially filed a Statement of Questions containing four questions cast in terms of whether the Planning Commission had acted properly or within its authority. After a telephone conference in early 2007 at which the parties discussed with the Court

---

[1] The proposal consists of seven building lots, labeled as Lots 8 through 14 on the plans, and the remaining land, labeled as Lot 1, which appears to include the project roadway and utility easements. All of the proposed development is located in the Town of Weybridge, some of Lot 1 is located in the Town of New Haven.

the <u>de novo</u> nature of these proceedings, Appellant filed a revised Statement of Questions reading in full as follows:

> 1) Does the specific application for subdivision submitted by [Appellee-Applicants], which proposes a multi-unit residential housing development without road frontage, meet the requirements of the Weybridge zoning and planning ordinances or regulations with no direct access to a town highway and which claims only access over a right of way on the property of [Appellant].

> 2) Does the application for subdivision submitted by [Appellee-Applicants], which proposes a multi-unit residential housing development without road frontage provide adequate protection for safety, visual and auditory issues created by approval of the right of way?

Appellee-Applicants moved <u>in limine</u> that the Court's review of the subdivision application be limited to the right-of-way and not to the subdivision generally. The Court ruled orally that Question 2 is limited to the effect of the right-of-way for the subdivision on the "safety, auditory and visual" issues stated in that question, but that because Question 1 was cast in terms of whether the application meets the requirements of the regulations, it potentially went beyond issues related to the right of way. However, Appellant was required to provide a more definite statement of Question 1, as it was not possible to tell from that Question what defects Appellant asserted in the application. V.R.E.C.P. 5(f)

In this <u>de novo</u> proceeding, the Court sits in place of the Planning Commission to consider this subdivision application, but only on the issues properly raised by the Appellant in the Statement of Questions. V.R.E.C.P. 5(f) ("a statement of the questions that the appellant desires to have determined"); 10 V.S.A. § 8504(h) ("on those issues which have been appealed"). It has been difficult to determine what issues Appellant seeks to contest in this matter, based on Appellant's various filings.

Appellant's April 30, 2007 filing after the Court required a more definite statement of Question I provided an extensive list of deficiencies in the application asserted by

2

Appellant. That is, Appellant's revised Question I continues to challenge whether the application materials (including the proposed subdivision plat) are adequate under many listed sections of the Subdivision Regulations relating to the preliminary application (§ 300) and final plat (§ 310) for the subdivision, and the planning and design standards applicable to the subdivision from Article IV.

Appellant's Question 1 originally related to Appellant's asserted deficiencies in the subdivision application; as revised it continues to be stated in terms of asserted lack of information and asserted deficiencies in the application materials, including in the proposed subdivision plat itself. Accordingly, Appellee-Applicants' Motion to Dismiss those portions of revised Question 1 unrelated to deficiencies in the application is GRANTED. On or before October 11, 2007, the parties shall file with the Court either an agreed redacted version of Question 1 or, if they cannot agree, shall each file their own proposed redacted version of Question 1. Appellee-Applicants' renewed Motion in Limine to limit Question 1 only to the right-of-way is DENIED.

Of course, because the application is being considered de novo by the Court, we do not yet have before us the application materials and the final subdivision plat for which Appellee-Applicant is seeking approval. If they had been submitted in connection with a motion for summary judgment, it is possible that many of the subsections of Question I could have been determined prior to trial.

Therefore, under the circumstances, the trial will commence as usual with Appellee-Applicant's presentation of the application to the Court, including any cross-examination of Appellee-Applicant's witnesses. At the close of Appellee-Applicant's case, we will expect the parties to confer and report to the Court as to whether any of the subsections of Question I are no longer at issue, based on the application and subdivision plan as presented at trial, and to make any related motions orally on the record, before proceeding to hear the remainder of the evidence to be presented by Appellants' witnesses.

3

From the materials provided by the parties in connection with their motions, it appears that the Planning Commission had before it, during its hearings on the subdivision application, a "sketch plan," dated February 11, 2005, and, later, a revised "preliminary plat," dated April 11, 2005, and that all it considered was the application for the proposal as a "major subdivision." Although Appellee-Applicant referred to the proposal, in the narrative attached to the subdivision application, as a "PRD-style" subdivision, the parties have not claimed that the Planning Commission ruled on the application as a PRD, or that it conducted site plan approval analysis as a PRD. See, generally, §305 of the <u>Zoning</u> <u>Regulations</u>. Moreover, the original subdivision application represents that the project will also require Act 250 approval and a permit for the water supply and wastewater disposal systems from the Agency of Natural Resources. Although many if not most applicants prefer to have a single trial in Environmental Court covering all appeals of all necessary state and local approvals, it is entirely up to the applicant whether to proceed first on only a single required local application.

The trial remains scheduled for November 8, 2007. Accordingly, in the pretrial conference now scheduled for October 18, 2007 (see enclosed notice), the parties should be prepared to discuss their understanding that the trial will only cover the application for subdivision approval as a major subdivision, and that the Court does not now have jurisdiction of any appeals of applications for PRD approval, site plan approval, Act 250 approval or ANR permit approval.

Done at Berlin, Vermont, this 4th day of October, 2007.


_____
Merideth Wright
Environmental Judge


4